I! WOODARD, J.,
dissenting in part.
I respectfully disagree with the part of the majority’s finding that BunMe Woods is entitled to recover damages from Ms. Saucier.
Unequivocally, when BunMe Woods willfully and intentionally removed unmarked trees, trees that did not belong to it, from Ms. Saucier’s property, it violated La.R.S. 3:4278.1, submitting itself to treble damages. In taMng trees that did not belong to it, BunMe Woods breached its contract with Ms. Saucier. Hence, Ms. Saucier was entitled to regard the contract as being dissolved.[1] As such, she had no further contractual obligation to Bunkie Woods, such as permitting it access to her property, nor could BunMe Woods recover under a contract, which no longer existed, what it claims it is owed for trees left on Ms. Saucier’s property.
Notwithstanding, when, as in the case sub judice, a party has no remedies at law, *800 it may recover under the theory of unjust enrichment.[2] However, an action based Ron this theory is subject to a “clean hands” defense, which precludes such a remedy.[3] In the instant case, the trial court and majority found Bunkie’s improper “taking” to be willful and intentional. Specifically, the trial court stated:
The evidence was overwhelming to confirm that many trees were removed from plaintiffs property in violation of the contract. This cutting was willful and intentional and was a definite violation of the contract between plaintiff and Bunkie Wood Product Company.
And:
This is a flagrant disregard of the property rights of the timber owners.
Accordingly, Bunkie cannot be said to come into court with clean hands and is prohibited from recovering damages under unjust enrichment.

. La.Civ.Code art.2013.

. Taylor v. Woodpecker Corp., 562 So.2d 888 (La.1990).

. See Succession of Ventre, 96-559 (La.App. 3 Cir. 11/6/96); 682 So.2d 988.